# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# EL DORADO DIVISION

**ROBERT EARL ROBINSON**                                  **PLAINTIFF**

**VS.**                        **CASE NO. 1:06CV01050 JMM/HDY**

**HARRY F. BARNES**                                       **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.      Why the record made before the Magistrate Judge is inadequate.

>   2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
>   3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

**DISPOSITION**

The plaintiff names as a defendant a United States District Judge in this civil rights action. The plaintiff contends the defendant engaged in an elaborate conspiracy with two court appointed attorneys, a United States Attorney, and a United States Magistrate Judge. The conspiracy, according to the plaintiff, resulted in a "tainted" jury at the plaintiff's 1998 trial for distribution of cocaine base. Plaintiff was convicted and subsequently sentenced in February of 1999. Plaintiff alleges the conspiracy continued long after the trial and prevented him from effectively appealing the conviction. The plaintiff seeks a declaratory judgment, compensatory and punitive damages, and a jury trial.

A district judge is immune from this type of civil rights suit for actions taken in his role as a federal judge. *Howell v. Hofbauer*, 123 F.Supp.2d 1178 (N.D. Iowa 2000). The *Howell* Court

elaborated on the scope of judicial immunity:

> "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze,* 15 F.3d 107, 108 (8th Cir.1994); *see also Whisman v. Rinehart,* 119 F.3d 1303, 1309 (8th Cir.1997) (quoting *Robinson* ); *Callahan v. Rendlen,* 806 F.2d 795, 796 (8th Cir.1986) ("[J]udicial immunity protects a judicial officer from civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). Indeed, " '[a]s a class, judges have long enjoyed a comparatively sweeping form of immunity····' " *Duffy v. Wolle,* 123 F.3d 1026, 1034 (8th Cir.1997) (quoting *Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)), *cert. denied,* 523 U.S. 1137, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998). As the Eighth Circuit Court of Appeals has explained, This absolute immunity from suit allows judges to fulfill their duties without concern for their own fortunes, which helps to ensure that their duties will be performed impartially and completely. *See* [ *Forrester,* 484 U.S.] at 223-24, 108 S.Ct. at 541-42. Judicial immunity does not derive from the persona of the judge, however, but rather from the judicial acts performed by the judge. Accordingly, while judges enjoy absolute immunity when performing "paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court," *id.* at 227, 108 S.Ct. at 544 "[a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts." *Id.* at 228, 108 S.Ct. at 544.
> *Duffy,* 123 F.3d at 1034. Similarly, although the Supreme Court noted that "[u]nfairness and injustice to a litigant may result on occasion" from the rule that judges are generally immune from suits for money damages, " 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Mireles v. Waco,* 502 U.S. 9, 10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ( *per curiam* ) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1871)).
>
> More specifically, the United States Supreme Court has explained the scope and limits of judicial immunity as follows:
> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray,* 386 U.S. at 554, 87 S.Ct. at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). *See also Harlow v. Fitzgerald,* 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions,

> *i.e.,* actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S. at 227-229, 108 S.Ct. at 544-545; *Stump v. Sparkman,* 435 U.S. at 360, 98 S.Ct. at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 356-357, 98 S.Ct. at 1104-1105; *Bradley v. Fisher,* 13 Wall., at 351.

123 F.Supp.2d at 1180.

A review of the complaint shows the actions complained of are precisely those which are covered by judicial immunity. As a result, we recommend that the complaint be dismissed with prejudice.

We further recommend that any appeal from an Order and Judgment dismissing this action be considered frivolous and not in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this __28__ day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE